UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>PS Dive Shop, LLC &</u>
<u>Charles Oxendine</u>

      v.                                    Civil No. 21-cv-945-LM

<u>Hiscox Dedicated Corporate</u>
<u>Member Ltd.</u>

### **O R D E R**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), plaintiffs PS Dive Shop, LLC and Charles Oxendine and crossclaim plaintiff Sonya Tirey, who represents the Estate of Tonya Cianchette, move to voluntarily dismiss their declaratory judgment claims against defendant Hiscox Dedicated Corporate Member Ltd. Doc. nos. 68 (PS Dive Shop's motion), 69 (the Estate's motion). Hiscox objects to dismissal. For the following reasons, the court grants the motions to voluntarily dismiss.

### BACKGROUND

Tonya Cianchette died in a diving accident, and her Estate brought a negligence suit against PS Dive Shop in Maine state court. PS Dive Shop then brought this declaratory judgment suit against Hiscox and the Estate to resolve questions about whether a Hiscox-issued insurance policy covered losses arising from Cianchette's death. The Estate brought crossclaims against Hiscox likewise seeking a declaratory judgment about whether the Hiscox policy covers the losses.

Hiscox asked this court to stay this case pending the result of the underlying negligence suit. Before ruling on that motion, the court raised jurisdictional concerns about proceeding with this suit and asked for additional briefing. While the court took that matter under advisement, PS Dive Shop and the Estate settled the underlying Maine negligence suit, which led Hiscox to withdraw its motion to stay the proceedings in this court.[1] According to Hiscox, that settlement includes a payment from PS Dive Shop to the Estate and an assignment of PS Dive Shop's rights under the Hiscox policy to the Estate. PS Dive Shop and the Estate filed their motions to dismiss soon after settling the underlying suit. The parties indicate that the Estate now plans to file a "reach and apply" action against Hiscox in Maine court under 24-a MRSA § 2904.

## DISCUSSION

PS Dive Shop and the Estate move to dismiss their declaratory judgment claims. Hiscox objects to the proposed voluntarily dismissal, arguing that the court should not permit the claims against it to be dismissed because it has fewer defenses under § 2904 than it does in this declaratory judgment suit. Specifically, Hiscox claims that § 2904 provides for only a limited number of defenses to insurers, and, as a result, it will not be able to argue that PS Dive Shop breached its duty to cooperate; that PS Dive Shop made an unauthorized assignment of interest; or that PS Dive Shop executed an unauthorized payment.

---

[1] The settlement of the Maine negligence suit has also eliminated the court's prior jurisdictional concerns.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[2]  "[A] district court should grant a motion for voluntary dismissal unless a defendant can show that it would suffer from plain legal prejudice as a result thereof, as opposed to facing the mere prospect of a second lawsuit." Cason v. P.R. Elec. Power Auth., 770 F.3d 971, 976 (1st Cir. 2014).

Under 24-a MRSA § 2904, any judgment creditor—i.e., any person who recovers a final judgment against any other person for certain losses or damages (specified by 24-a MRSA § 2903)—is entitled to have the judgment debtor's insurance money applied to the satisfaction of their judgment.  Therefore, under § 2904, the judgment creditor can bring an action against the judgment debtor's insurer to "reach and apply" the insurance money to the judgment.  The judgment creditor must show that "the judgment debtor was insured against such liability" when the right of action accrued.  § 2904.  Section 2904 enumerates the defenses available to defendants to a reach-and-apply action, which appear to be exhaustive. See Hunnewell v. Liberty Mut. Fire Ins. Co., 588 A.2d 300, 302 (Me. 1991).

Hiscox has not shown that dismissing this case would prejudice it.  Whether this case moves forward in this forum does not affect the substantive law that applies or, as far as Hiscox has shown, the Estate's ability to bring suit in Maine under § 2904.  See Travelers Indem. Co. v. Dingwell, 884 F.2d 629, 637 (1st Cir. 1989) ("Even if we accept at face value [insurer's argument that § 2904 limits the

---

[2] Rule 41 contains some exceptions to this rule that do not apply here.

insurer's defenses], we do not understand how the insurers are better off in federal court, because the same substantive law should also apply in that forum."). In other words, the Estate could begin its suit under § 2904 even if this court denied the motions to dismiss. Or, instead of choosing to pursue its rights in Maine state court, the Estate could have amended its crossclaim here to include a claim under § 2904. For those reasons, the dismissal of these claims does not cause any "plain legal prejudice" to Hiscox. PS Dive Shop's and the Estate's motions to voluntarily dismiss the claims in this case are granted.

No further claims remain in this case. Therefore, the clerk of court is directed to close the case.

_____
Landya McCafferty
United States District Judge

November 29, 2022

cc:   Counsel of Record